```
UNITED STATES DISTRICT COURT                               F I L E D
EASTERN DISTRICT OF NEW YORK                            IN CLERK'S OFFICE
                                                    U.S. DISTRICT COURT E.D.N.Y.
---------------------------------------------------------------X
ROBERT LEE HOUSTON, #6762-053,                      ★    JUN 03 2016    ★

                          Plaintiff,                    LONG ISLAND OFFICE
                                                        OPINION & ORDER
            -against-                                   16-CV-00891(JFB)(SIL)

UNKNOWN AGENTS AT (MDC) BROOKLYN, NY,
ARTHUR D. SPATT (individual capacity),

                          Defendants.
---------------------------------------------------------------X
```

JOSEPH F. BIANCO, District Judge:

On February 18, 2016, incarcerated *pro se* plaintiff Robert Lee Houston ("plaintiff") filed an *in forma pauperis* civil rights complaint against "Unknown Agents at (MDC) Brooklyn, NY" ("Unknown Agent") and the Honorable Arthur D. Spatt, in his individual capacity ("District Judge Spatt" and together, "defendants") pursuant to 42 U.S.C. § 1983 ("Section 1983") together with an application to proceed *in forma pauperis*. Plaintiff did not file the required Prisoner Litigation Authorization form ("PLRA") with his complaint. Accordingly, by Notice of Deficiency dated March 1, 2016, plaintiff was instructed to complete and return the enclosed PLRA within fourteen (14) days in order to proceed with this case. On March 9, 2016, plaintiff timely filed the PLRA.

Upon review of the declaration accompanying plaintiff's application to proceed *in forma pauperis*, the Court finds that plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. *See* 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's application to proceed *in forma pauperis* is granted. However, for the reasons that follow, plaintiff's claims against Judge Spatt are dismissed in their entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii), 1915A(b).

## BACKGROUND

Plaintiff's brief, handwritten complaint is difficult to comprehend. It appears that plaintiff challenges the conditions of his confinement at the Metropolitan Detention Center ("MDC") as well as his sentencing before District Judge Spatt.[1] In its entirety, plaintiff alleges:[2]

> On January 30, 2016 – February 1, 2016 (from 11:30 p.m. -4:00 a.m.) an unknown agent in correctional official related atire continually (every 10-15 minutes) shined a bright flashlight in my cell (#5-30/1-63) during meditation, while saying "I'll break his concentration." I am a wiccan (European witchcraft). Therefore it is my legal right to meditate it is a part of my religious preference. As a wiccan, I reserve the right to retain self control via meditation which is why I perform many meditation and energy related daily exercises. In re the Mysteries studies (which consist of chalerz meditation, Avra meditation, Kundalini meditation, visualization exercises, energy work, breathing exercises) as a wiccan I preform these daily religious exercises so spirituality flows through every part of my life just like is the focus of all religions. So I was within my means and my meditation (Kundalini) was a protected speech/exercise under the 1st amendment/U.S. Constitution. I have recently filed a jail complaint/grievance – and as of yet no officials (unknown) have demonstrated that this substantial burden on my religious exercise was in furtherance of a compelling governmental interest; or the least restrictive means of furthering that compelling governmental interest in furtherance of retaliation, for refusing to consent to being utilized as a subject of experimental medical research (38 Fed. Reg. 31738, 31745-31749 (1973) "Subjects must be able to withdraw from the research project without prejudice." Here, I am electing not to consent to already active research (unconsentual uninformed involuntary) I am not able to withdraw without prejudice – This prejudice is saturating my prison conditions with substantial burdens on my religious practice. I now fear I'll be retaliated against each attempt I make to practice my religion (without fear of retaliation 1st amendment/U.S. Const.) I now name unknown agents at Metropolitan Detention Center for imposition of substantial burdens on my religious practices (wicca) without demonstration of a compelling governmental interest or that it was the least restrictive means of furthering that compelling governmental interest.
>
> I also name Arthur D. Spatt (in his individual capacity) for failure to prevent as an January 19, 2016 (11 days or so before this event) I wrote Arthur D. Spatt (in his

---

[1] All material allegations in the complaint are presumed to be true for the purpose of this Order. *See, e.g., Rogers v. City of Troy*, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations as true).

[2] Excerpts from the complaint are reproduced here exactly as they appear in the original. Errors in spelling, grammar, and punctuation have not been corrected or noted.

2

individual capacity) and informed him the justice of his 20 year sentence was comprimised (on September 13, 2013 in Arthur D. Spatt's courtroon Arthur D. Spatt (individual capacity) said imposition of my sentence was to provide [just] punishment for the offense of (ACCA) when I was in his court room it was adjourned with no mention on this January 19, 2016 letter on January 26, 2016 until April 2016 (several months away) I now hold Arthur D. Spatt liable for failure to prevent and give him personal involvement due to his knowledge of a breach in the justice of his Arthur D. Spatt's (individual capacity) 20 year sentence.

(Compl. at 2-3.) The complaint seeks no relief. (*See generally*, complaint.) However, at page two of the application to proceed *in forma pauperis*, plaintiff alleges that he seeks "injunctive relief in the form of $300,000/cease & desist from unknown agents at Metropolitan Detention Center Brooklyn, NY and Arthur D. Spatt (individual capacity) mental anguish, pan and suffering compensatory damages, and for what further relief this honorable court shall deem just and proper." (*See* Docket Entry No. 2 at 2.)

## DISCUSSION

### I. Sufficiency of the Pleadings

#### A. Legal Standard

It is axiomatic that district courts are required to read *pro se* complaints liberally, see *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010), and to construe them "'to raise the strongest arguments that [they] suggest [ ],'" *Chavis*, 618 F.3d at 170 (quoting *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010)). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010), *aff'd*, 133 S. Ct. 1659 (2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the

3

assumption of truth." *Iqbal*, 556 U.S. at 678 (citation omitted).

Notwithstanding a plaintiff's *pro se* status, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *accord Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 128 (2d Cir. 2011). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

B.  Absolute Judicial Immunity

Judges have absolute immunity from suits for damages arising out of judicial acts performed in their judicial capacities. *See Mireles v. Waco*, 502 U.S. 9, 11-12, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991) (*per curiam*). The absolute judicial immunity of the court "is not overcome by allegations of bad faith or malice" or "because the action he took was in error . . . . or in excess of his authority." *Id.* at 11, 13, 112 S. Ct. 286 (quotations and citations omitted); *see also Harlow v. Fitzgerald*, 457 U.S. 800, 815-19, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982) (allegations of malice are insufficient to overcome qualified immunity); *Pierson v. Ray*, 386 U.S. 547, 554, 87 S. Ct. 1213, 18 L. Ed. 2d 288 (1967) ("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly"). This immunity may be overcome only if a judge is alleged to have taken "nonjudicial actions" or if judicial actions were taken "in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12, 112 S. Ct. 286.

In addition, the Federal Courts Improvement Act ("FCIA"), § 309(c), Pub. L. No. 104-317,

4

110 Stat. 3847 (1996), bars injunctive relief in any Section 1983 action "against a judicial officer for an act or omission taken in such officer's judicial capacity . . .unless a declaratory decree was violated or declaratory relief was unavailable." Insofar as plaintiff seeks injunctive relief against District Judge Spatt, such claims are not plausible under FCIA given the absence of any allegations that a declaratory decree was violated or declaratory relief was unavailable. Thus, plaintiff's claims for injunctive relief against District Judge Spatt are dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii); 1915A(b)(1).

Plaintiff's claim for monetary damages against District Judge Spatt also fails because plaintiff's allegations clearly relate to judicial actions undertaken by District Judge Spatt in a judicial capacity. Plaintiff apparently seeks to impose liability against District Judge Spatt for sentencing him and, in so doing, failing to foresee that plaintiff would be subjected to the alleged conduct by the Unnamed Agent. Absolute judicial immunity shields District Judge from such claims. Accordingly, plaintiff's claims for monetary damages against District Judge Spatt are likewise dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii), 1915A(b)(2).

C. Claims Against the Unknown Agent

Though thin, the Court declines to dismiss plaintiff's remaining claims against the Unknown Agent at MDC. Accordingly, the Court orders service upon of the summons and complaint upon the Unknown Agent by the United States Marshal Service for the Eastern District of New York ("USMS"). However, the USMS will not be able to effect service of the summons and complaint on this defendant without more information. The Second Circuit has held that district courts must provide incarcerated *pro se* litigants with reasonable assistance in investigating the identity of such "John Doe" officers. *See Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997) (*per curiam*). Accordingly, the Court hereby: (1) orders that the Clerk of the Court serve a copy of the

5

complaint together with this Order on the United States Attorney for the Eastern District of New York; and (2) requests that the United State Attorney's Office attempt to ascertain the full name of the individual at the MDC alleged to have interacted with the plaintiff during the period January 30, 2016 through February 1, 2016 between 11:30 p.m. to 4:00 a.m. as described in the complaint. The United States Attorney need not undertake to defend or indemnify this individual at this juncture. This Order merely provides a means by which plaintiff may properly serve the defendant as the Second Circuit instructed in *Valentin*.

The United States Attorney is requested to provide the name and address where the defendant can be served to the Court and to the plaintiff within thirty (30) days of the date that this Order is served upon it. Once the information is provided to the Court by the United States Attorney, plaintiff's complaint shall be deemed amended to reflect the full name of the unnamed defendant, a summons shall be issued and the USMS shall effect service.

## CONCLUSION

For the reasons set forth above, plaintiff's application to proceed *in forma pauperis* is granted. However, plaintiff's claims against District Judge Spatt are dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii), 1915A(b). Plaintiff's claim against the Unknown Agent shall proceed, and the USMS is directed to serve the summons together with a copy of the complaint and this order upon this defendant. However, the USMS will not be able to effect service without more information. Accordingly, the Clerk of the Court shall serve a copy of the complaint together with this Order on the United States Attorney for the Eastern District of New York. The United State Attorney's Office shall attempt to ascertain the full name of the individual at the MDC alleged to have interacted with the plaintiff as described in the complaint and shall provide the name and address where the defendant can be served to the Court and to the

6

plaintiff within thirty (30) days of the date that this Order is served upon it. Once the information is provided to the Court by the United States Attorney, plaintiff's complaint shall be deemed amended to reflect the full name of the unnamed defendant, a summons shall be issued and the USMS shall effect service. The Clerk of the Court is also directed to mail a copy of this order to the *pro se* plaintiff at his last known address.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: June 3, 2016
Central Islip, New York

Joseph F. Bianco
United States District Judge